IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs January 15, 2025

## RASHEED RANTER v. RONALD EARL SOLOMON

**Appeal from the Circuit Court for Knox County**
No. 161212          Richard Alan Major, Magistrate

_____

### No. E2025-00049-COA-T10B-CV

_____

This is an accelerated interlocutory appeal as of right pursuant to Tennessee Supreme Court Rule 10B § 2.02 from the trial court's denial of a motion for recusal. We have determined that the petition must be summarily dismissed due to substantive failures to comply with Rule 10B. Accordingly, the appeal is dismissed.

**Tenn. Sup. Ct. R. 10B Accelerated Interlocutory Appeal; Appeal Dismissed**

FRANK G. CLEMENT JR., P.J., M.S., delivered the opinion of the court, in which KENNY W. ARMSTRONG and KRISTI M. DAVIS, JJ., joined.

Rasheed Ranter, Knoxville, Tennessee, Pro Se.

Carol A. Beeler, Knoxville, Tennessee, for the appellee, Ronald Earl Solomon.

## OPINION

Tennessee Supreme Court Rule 10B governs appeals from orders denying motions to recuse. Pursuant to § 2.01 of Rule 10B, a party is entitled to an "accelerated interlocutory appeal as of right" from an order denying a motion for disqualification or recusal. The appeal is perfected by filing a petition for recusal appeal with the appropriate appellate court. Tenn. Sup. Ct. R. 10B, § 2.02.

"The party seeking recusal bears the burden of proof." *In re Samuel P.*, No. W2016-01592-COA-T10B-CV, 2016 WL 4547543, at *2 (Tenn. Ct. App. Aug. 31, 2016) (citing *Williams ex rel. Rezba v. HealthSouth Rehab. Hosp. N.*, No. W2015-00639-COA-T10B-CV, 2015 WL 2258172, at *5 (Tenn. Ct. App. May 8, 2015); *Cotham v. Cotham*, No. W2015-00521-COA-T10B-CV, 2015 WL 1517785, at *2 (Tenn. Ct. App. Mar. 30, 2015)). Specifically, "[a] party challenging the impartiality of a judge 'must come forward with some evidence that would prompt a reasonable, disinterested person to believe that the

judge's impartiality might reasonably be questioned.'" *Id*. (quoting *Duke v. Duke*, 398 S.W.3d 665, 671 (Tenn. Ct. App. 2012)). This requires, *inter alia*, the timely filing of a motion in the trial court that "shall state, with specificity, all factual and legal grounds supporting disqualification of the judge[.]" Tenn. Sup. Ct. R. 10B, § 1.01. Additionally, "[t]he motion shall be supported by an affidavit under oath or a declaration under penalty of perjury on personal knowledge and by other appropriate materials." *Id*.

Our standard of review in a Rule 10B appeal is de novo. *See* Tenn. Sup. Ct. R. 10B, § 2.01. "De novo is defined as 'anew, afresh, a second time.'" *Simms Elec., Inc. v. Roberson Assocs., Inc.*, No. 01-A-01-9011-CV-00407, 1991 WL 44279, at *2 (Tenn. Ct. App. Apr. 3, 1991) (quoting *Black's Law Dictionary*, 392 (5th ed. 1979)).

If we determine, after reviewing the petition and supporting documents, that no answer is needed, we may act summarily on the appeal. Tenn. Sup. Ct. R. 10B, § 2.05. Otherwise, this court must order an answer and may also order further briefing by the parties. *Id.* Tennessee Supreme Court Rule 10B § 2.06 also grants this court the discretion to decide the appeal without oral argument. Following a review of the petition for recusal appeal, we have determined that neither an answer, additional briefing, nor oral argument is necessary, and we elect to act summarily on the appeal in accordance with Rule 10B §§ 2.05 and 2.06.

## ANALYSIS

Rasheed Ranter ("Petitioner") filed his petition for recusal appeal on January 9, 2025, in which he seeks to overturn the decision by Magistrate Richard Alan Major denying his motion for recusal, which order was entered on December 31, 2024.

The motion for recusal begins with the statement that "The magistrate, Richard Major has shown himself to be [sic] actual bias towards the facts, parties and lawyer's involved in this matter and case."[1] The motion continues with unspecified allegations that the attorney for the respondent in a separate case, a case in which Magistrate Major was not involved, "lied" and "told untruths." Significantly, however, the motion for recusal was not supported by an affidavit, which is required pursuant to Rule 10B § 1.01.

---

[1] We find this intriguing, as did the trial judge, because the motion for recusal was filed on the same day the case was assigned to the trial judge. As stated in the order denying the recusal motion,

> This Court was appointed to hear the case on December 5, 2024, **the same day** the Plaintiff filed the Motion for Recusal. After a hearing on December 5, 2024, the only action taken by the Court was to grant the Plaintiff's own Motion to Continue. Nothing with these limited judicial actions, or the allegations contained in the Motion establish a justification for recusal.

(Emphasis added).

Interlocutory recusal appeals require "meticulous compliance with the provisions of Rule 10B regarding the content of the record provided to this Court[.]" *Johnston v. Johnston*, No. E2015-00213-COA-T10B-CV, 2015 WL 739606, at \*2 (Tenn. Ct. App. Feb. 20, 2015). In pertinent part, Rule 10B requires:

1.01. **Any party seeking disqualification**, recusal, or a determination of constitutional or statutory incompetence of a judge of a court of record, or a judge acting as a court of record, **shall do so by a written motion** filed promptly after a party learns or reasonably should have learned of the facts establishing the basis for recusal. The motion shall be filed no later than ten days before trial, absent a showing of good cause which must be supported by an affidavit. **The motion shall be supported by an affidavit under oath or a declaration under penalty of perjury on personal knowledge and by other appropriate materials**. The motion shall state, with specificity, all factual and legal grounds supporting disqualification of the judge and shall affirmatively state that it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

.    .    .

2.03. The petition for recusal appeal shall contain:

(a) A statement of the issues presented for review;

(b) A statement of the facts, setting forth the facts relevant to the issues presented for review;

(c) **An argument, setting forth the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities**; and

(d) A short conclusion, stating the precise relief sought.

Tenn. Sup. Ct. R. 10B (emphasis added).

Rule 10B § 2.03 also requires that the petition "be accompanied by **a copy of the motion and all supporting documents filed in the trial court**, a copy of the trial court's order or opinion ruling on the motion, and a copy of any other parts of the trial court record necessary for determination of the appeal." (Emphasis added).

- 3 -

We acknowledge that Petitioner is not represented by counsel on appeal. Although "many pro se litigants have no legal training and little familiarity with the judicial system," pro se litigants must "comply[] with the same substantive and procedural rules that represented parties are expected to observe." *Hessmer v. Hessmer*, 138 S.W.3d 901, 903 (Tenn. Ct. App. 2003) (citations omitted).

Significantly, and as Magistrate Major stated in the order denying the recusal motion, Petitioner failed to provide an affidavit that supported the motion for recusal, which is required pursuant to Rule 10B § 1.01. As Rule 10B clearly states, the recusal motion "shall be supported by an affidavit under oath or a declaration under penalty of perjury on personal knowledge and by other appropriate materials." Tenn. Sup. Ct. R. 10B, § 1.01. Thus, Petitioner failed to file an essential component of his recusal motion. *See Jordan v. Jordan*, No. E2024-01731-COA-T10B-CV, 2024 WL 5135834, at *3 (Tenn. Ct. App. Dec. 17, 2024) ("Petitioner has failed to file with this court an essential component of her recusal motion—the affidavit[.]") (citing Tenn. Sup. Ct. R. 10B, § 1.01)).

Further, the petition for recusal appeal does not contain an argument setting forth Petitioner's contentions with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities, as is required by Rule 10B § 2.03(c). Thus, Petitioner failed to comply with this requirement of Rule 10B as well.

For the foregoing reasons, the petition is summarily dismissed due to substantive failures to comply with Rule 10B.

### IN CONCLUSION

This appeal is hereby dismissed, and this matter is remanded with costs of appeal assessed against Petitioner, Rasheed Ranter.

_____
FRANK G. CLEMENT JR., P.J., M.S.